IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

RP17 OASIS, LLC and              )
PCG CREDIT PARTNERS, LLC,        )
                                 )
        Plaintiffs,              )
                                 )
            v.                   )          Civil No. 2019-104
                                 )
S&T BANK,                        )
                                 )
        Defendant.               )
_____  )

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant S&T Bank's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" [ECF 35].[1]  Plaintiffs filed an opposition [ECF 39] and defendant replied thereto [ECF 42].

## I.      BACKGROUND[2]

Plaintiff RP17 Oasis, LLC ("RP17") is a Utah limited liability company.  Plaintiff PCG Credit Partners LLC ("PCG"), also a Utah limited liability company, is the sole member of RP17. Defendant S&T Bank ("S&T") is a Pennsylvania corporation.  Jurisdiction in this Court is based on diversity of citizenship.

In 2015, Go Fast Charters, LLC ("Go Fast") and Paul G. Sabers ("Sabers") borrowed $7 million from PCG, promising to repay the loan in one year.  Go Fast executed a promissory note

---

[1]  S&T previously moved [ECF 9] to dismiss the original complaint for the same reasons as advanced in the instant motion, and then renewed the motion after plaintiffs filed an amended complaint to cure a different alleged defect.  *See* S&T's Motion to Dismiss [ECF 26] and plaintiff's First Revised Amended Complaint [ECF 34].

[2]  These background facts are derived from the allegations in plaintiffs' First Revised Amended Complaint [ECF 34] and the parties' briefs [ECFs 35, 39, 42], and appear to be largely undisputed.

and a first priority mortgage to secure that note in favor of PCG on five parcels of land on St. Thomas, U.S. Virgin Islands ("the property").  Sabers guaranteed repayment of the loan.  On June 26, 2015, the mortgage was recorded with the Recorder of Deeds for the District of St. Thomas and St. John.

Go Fast and Sabers defaulted on the loan.  On March 27, 2017, PCG filed a foreclosure action in the Virgin Islands Superior Court ("the Superior Court").  On June 1, 2017, S&T domesticated—in the Superior Court—a foreign judgment secured in Pennsylvania against Go Fast, and S&T simultaneously recorded a judgment lien against the property.  In August of 2017, PCG, Go Fast, and Sabers submitted a proposed consent judgment of foreclosure, which the Superior Court entered on September 5, 2017.  As a result of the hurricanes that hit the U.S. Virgin Islands in September 2017, the Clerk of Court did not issue the judgment until November 7, 2017.

Following the issuance of the foreclosure judgment, PCG scheduled a marshal's sale and was the successful bidder.  The Superior Court entered an order confirming the marshal's sale on April 18, 2018.  On May 30, 2018, PCG assigned its right, title and interest to the order confirming sale to RP17.  After the assignment, the marshal issued RP17 a marshal's deed to the property.  One year later, on May 6, 2019, S&T filed a writ of execution against the property in the Superior Court.

Plaintiffs filed the instant action on November 5, 2019.  In Count I, RP17 asks this Court to declare that the Superior Court judgment was effective in foreclosing S&T's junior lien and to quiet title in RP17.  In Count II, both RP17 and PCG claim that they are entitled to foreclose S&T's junior lien to the extent that did not occur as a result of the Superior Court's September 5, 2017 judgment.  In the motion currently before the Court, S&T seeks the dismissal of Count I.

*RP17 Oasis LLC, et al. v. S&T Bank*
Civil No. 2019-104
Page 3

## II.  LEGAL STANDARDS

A.  Rule 12(b)(6) Motions to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint.[3] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993).  "In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff."  *Dicesare v. Office of Children, Youth & Families*, 2012 WL 2872811, at *2 (W.D. Pa. July 12, 2012) (citing *U.S. Express Lines, LTD. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002)); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Further, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, the complaint "must state enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).  Moreover, a court need not "accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d

---

[3]  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

187, 211 (3d Cir. 2007).  Finally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

B.      Actions to Quiet Title

In the Virgin Islands, "[a]ny person in possession . . . of real property, may maintain an action of an equitable nature against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest."  28 V.I.C. § 371.  "[I]t is a settled rule that in an action to quiet title the plaintiffs must rely upon the strength of their own title and not upon the weakness of that of the defendants."  *Dudley v. Meyers*, 422 F.2d 1389, 1394-95 (3d Cir. 1970); *accord Alexander Hamilton Life Ins. Co. of Am. v. Gov't of the V.I.*, 757 F.2d 534, 541 (3d Cir. 1985) ("[G]enerally, a claimant, whether a Plaintiff or a counterclaiming Defendant, has the burden of persuasion in a quiet title action as to the strength of his or her own title.") (quotation marks omitted).

Very little has been written about § 371.[4]  It appears, however, that in order to state a claim to quiet title in the Virgin Islands under § 371, plaintiff must first allege facts supporting his claim to be a person in possession of the real property at issue.  Second, in order to satisfy the federal rules' notice pleading requirements, plaintiff must describe the property with enough detail such that defendant can identify it.  Third, plaintiff must describe the competing claim, estate, or interest, and explain why he contends it is adverse.  Courts in other jurisdictions have distilled similar

---

[4] Section 371 is one of several sections in the territorial statute governing claims to quiet title in the Virgin Islands.

elements from their comparable statutes.  *See, e.g.*, *Korman v. SRMOF II 2011-1 Trust, et al.*, 2015 WL 6121713, at *6 (S.D. Fla. July 11, 2015) (holding that under Florida law, a plaintiff seeking to quiet title must "allege all of the elements of, and plausible facts for each of the elements for, a claim to quiet title, viz. (1) that the plaintiff had title to the subject property, (2) a cloud on the title existed, and, in particular, (3) that the cloud was invalid"); *Herbert v. HSBC Mortg. Servs., et al.*, 2014 WL 3756360, at *9 (E.D.N.Y. June 30, 2014) (holding that to state a common law claim to quiet title under New York law, a plaintiff "must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative.") (quotation marks omitted); *Morlock, LLC v. Bank of America, N.A.*, 2012 WL 1640895, at *3 (S.D. Tex. May 8, 2012) (holding that under Texas law, "[t]he elements of a quiet title claim include: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable") (quotation marks omitted).

## III.   DISCUSSION

Here, plaintiffs have satisfactorily pled each of the elements necessary to state a claim under § 371.  First, plaintiffs provide detailed factual allegations regarding the means by which RP17 came to be in possession of the property.  In a nutshell, after Go Fast and Sabers defaulted on their loan from PCG, PCG filed a foreclosure action against them in Superior Court.  Once the court issued a foreclosure judgment, PCG bid on its judgment at the marshal's sale and subsequently assigned its interest in the property to RP17, which ultimately received a deed to the property.  Second, plaintiffs identify—by parcel number, address, and approximate square footage—the five parcels of land located on St. Thomas that constitute the property at issue.  Third, plaintiffs alleged that the Superior Court's judgment foreclosed and terminated all known and

unknown junior liens. They then aver that S&T filed a writ of execution against the property, thus identifying a competing interest and explaining why it is adverse.  In sum, plaintiffs have articulated enough facts to state a claim for relief under § 371 that is plausible on its face.  That is all that is required at this stage of the proceedings.

There remains, however, one final issue before the Court.  Attached to S&T's motion to dismiss is a copy of an emergency motion PCG filed on May 22, 2019 in the Superior Court case. *See* [ECF 36-1].  In the motion, PCG seeks to void the marshal's deed, set aside the order confirming sale, and vacate the consent judgment so that PCG can amend its complaint to add S&T as a junior lien holder defendant.  *Id.* at 3-4.  S&T contends that this Court can take judicial notice of the foreclosure action and any pleadings filed therein because they relate to the claims in the complaint before this Court.  [ECF 36] at 11.  Alternatively, S&T argues that the emergency motion may be considered because it is a matter of public record.  *Id.* at 10-11.

"In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citations and quotation marks omitted).  Thus, a court may consider "undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *accord Acosta v. Hovensa, LLC*, 2010 WL 695963, at *1 n.1 (D.V.I. Feb. 23, 2010) (allowing consideration of a document attached to defendants' motion to dismiss because it was referenced throughout the complaint and cited by the parties "extensively throughout their briefs without objection").  *See also Dix v. Total Petrochemicals USA, Inc.*, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011) ("It is not enough that a putatively integral document be critical for an

affirmative defense, or bear on an essential element of the claim.  The rule is applied when the claim would not exist but-for the existence of the document.").  Consideration of such documents does not convert a motion to dismiss into one for summary judgment.  *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Here, plaintiffs neither attached the motion to the complaint nor referred to it therein. Further, the motion does not appear to be integral to plaintiffs' claims—in the sense that the claims could not exist without it.  However, assuming for the sake of argument that the Court can take judicial notice of the motion and, or in the alternative, the motion is a matter of public record,[5] the Court's conclusion with respect to the motion to dismiss remains the same.

According to S&T, the emergency motion is "an admission against the Plaintiffs' interests in the instant action" because it demonstrates that PCG knew that S&T's judgment lien was not divested from the property as a result of the foreclosure action.  [ECF 36] at 12.  Plaintiffs do not directly address this argument.  However, while the existence or contents of the motion may have some evidentiary value in this matter, its existence does not render the claims plaintiffs make in Count I implausible under *Twombly* and *Iqbal*.  In other words, the factual allegations in the complaint are still enough to raise plaintiffs' right to relief above the speculative level; plaintiffs

---

[5] *See, e.g.*, *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *Grant Importing & Distrib. Co., Inc. v. Amtec Int'l of N.Y. Corp.*, 2010 WL 706042, at *6 (N.D. Ill. Feb. 24, 2010) ("[T]he court may take judicial notice of matters of public record, such as public court documents, and may consider such documents without converting the Rule 12(b) motion to dismiss into a Federal Rule of Civil Procedure 56 motion for summary judgment.") (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

*RP17 Oasis LLC, et al. v. S&T Bank*
Civil No. 2019-104
Page 8

are entitled to offer evidence in support of their claim that RP17's title to the property is superior

to that of S&T.[6]

### IV.    CONCLUSION

Accordingly, the premises considered, the following is hereby ORDERED:

1.    S&T Bank's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" [ECF 9] is DENIED as moot;

2.    "Defendant S&T Bank's Motion to Dismiss Complaint Pursuant Fed. R. Civ. P. 12(b)(1)" [ECF 26] is DENIED as moot;[7] and

3.    S&T Bank's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" [ECF 35] is DENIED.

**Dated:**  June 5, 2020                                    S_____
                                                            **RUTH MILLER**
                                                            United States Magistrate Judge

---

[6]  S&T also argues, *inter alia*, that the complaint should be dismissed because PCG neglected to either file a *lis pendens* with respect to the foreclosure action or otherwise join S&T as a party in that action.  That argument, however, goes to the merits of plaintiffs' claim, not to the sufficiency of the complaint; S&T offers no authority to the contrary.

[7]  S&T had argued that plaintiffs, limited liability companies, failed to identify their members or the citizenship of their members and thus failed to demonstrate complete diversity. [ECF 26] at 1.  In its Trial Management Order, the undersigned gave plaintiffs leave to file an amended complaint.  [ECF 30] at 1.  Plaintiffs amended their complaint on March 10, 2020 [ECF 34] and cured the deficiency, thereby rendering S&T's first motion moot. *See id.* ¶¶ 2, 3.